UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re Zahir Uddin Sharf,

    Debtor.                                    Bankr. No. 15-013904

Tahira Sharf (Ali),

    Plaintiff,

    v.                                              Adv. No. 15-00568

Zahir Uddin Sharf,

    Defendant.

**Memorandum Opinion on Motion for Summary Judgment (Dkt. No. 12)**

**1. Jurisdiction**

    Federal district courts have original and exclusive jurisdiction of all cases under title 11, the Bankruptcy Code. 28 U.S.C. § 1334(a). The district courts may refer cases under title 11, and any or all proceedings arising under title 11 or arising in or related to a case under title 11, to the bankruptcy judges for their district. 28 U.S.C. § 157(a). The District Court for the Northern District of Illinois has referred its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Operating Procedure 15(a).

    Bankruptcy courts have authority by statute to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . . and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Core proceedings include determinations of the

dischargeability of particular debts, the matter at issue herein. 28 U.S.C. § 157(b)(2)(I).

## II. Facts

The Debtor, Zahir Uddin Sharf, and his former spouse, Tahira Sharf (Ali), were divorced pursuant to a Default Judgment for Dissolution of Marriage ("Judgment") on December 15, 2014, entered in the Circuit Court of Cook County, Illinois, approximately five months before the Debtor filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on April 20, 2015.

On August 20, 2015, the Plaintiff, Tahira Sharf (Ali) ("Plaintiff"), initiated this Adversary Proceeding seeking a determination that all debts owed her under the Judgment are nondischargeable domestic support obligations pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15). Those Bankruptcy Code sections state that a discharge under section 727 of the Bankruptcy Code does not discharge an individual debtor from debts for domestic support obligations - section 523(a)(5) and for debts based on property settlement claims - section 523(a)(15). The Plaintiff filed a Motion for Summary Judgment on these issues on December 29, 2015.

The mere designation of a debt as alimony, maintenance, or support is not dispositive. The heart of the issue is whether the debt arises from a duty to a spouse, former spouse or child. The issue of whether a particular debt is nondischargeable alimony, maintenance or support is an issue of federal bankruptcy law. *In re Hickey*, 473 B.R. 361, 364 (Bankr. D. Or. 2012). The determination of dischargeability requires courts to examine the substance of the obligations in issue.

## III. Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, affidavits and admissions on file after discovery show that there is no genuine dispute as to any

2

material fact and that the movant is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is inappropriate if the evidence is such that a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden to show that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party successfully meets its burden, the non-moving party has to demonstrate that there is a genuine dispute as to a material issue of fact. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

### IV. Obligations

#### A. Temporary Spousal Support

In Paragraph 8 of her Complaint the Plaintiff incorporates all language from the Judgment in a section labeled "Maintenance," Exhibit - A, pages 5-6, *et seq.*, alleging that the Defendant is obligated to pay temporary spousal support to her with a balance due of $15,468.27 as of December 15, 2014. The Defendant admits Paragraph 8 in his Answer to the Adversary Complaint. Answer, Docket Number 5, ¶ 9. He also admits that he is obligated to pay temporary spousal support to the Plaintiff with an outstanding balance of $15,468.27 in his Response to the Plaintiff's Motion for Summary Judgment. Response, Docket Number 17, ¶ 8. He admits that the spousal support obligation is not dischargeable at Paragraph 9 of his Response to the Motion for Summary Judgment. Docket No. 17, ¶ 9.

Based on the Defendant's admissions the Court finds that the Spousal Support

3

Obligation is not dischargeable.

### B. Health Care Obligations

The Plaintiff alleges in Paragraph 10 of her Adversary Complaint that the Defendant is obligated to provide health care coverage during the pendency of the Domestic Relations case totaling one thousand five hundred dollars ($1,500.00). That obligation was referred to as the "Health Care" account obligations; Paragraph 10 incorporates the language from the Judgment in a section labeled "Health Care" - Exhibit-A page 8, ¶ 20, *et seq.* The Defendant admitted the allegations of Paragraph 10 in his Answer. Answer, Docket Number 5, ¶ 10. The Defendant admitted that the Healthcare Obligations are not dischargeable in Paragraph 11 of his Answer (Answer, Docket Number 5, ¶ 11) and in his Response to the Plaintiff's Motion for Summary Judgment, Docket Number 17, ¶ 11. Based on the Defendant's admissions the Court finds that the "Health Care" obligations are not dischargeable.

### C. Pension Obligation

In ¶ 12 of her Adversary Complaint the Plaintiff alleges that pursuant to the Judgment the Defendant is obligated to provide her 50% of his State Employee Retirement System Account of Illinois, a "Pension Retirement" account. She incorporated the language from the Judgment in the section labeled "Retirement Accounts," Exhibit-A page 3, *et seq.* The Defendant's Answer denies the allegations of ¶ 12. He also denies this in his Response to the Plaintiff's Motion for Summary Judgment, but affirmatively states therein that the Plaintiff is only entitled to 50% of the marital portion of said pension. The Defendant admits in ¶ 13 of his Response to the Plaintiff's Motion for Summary Judgment that the Pension-Retirement obligations are nondischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and/or (15).

Paragraph 4 of the Judgment, entitled "Retirement Accounts" states as follows:

> a. ZAHIR's State Employee Retirement System of Illinois Pension - During the marriage, ZAHIR contributed to a pension plan through the State Employee Retirement System of Illinois. TAHIRA shall receive the half (50%) of the marital portion of said Pension as her sole and separate property, free and clear of any interest of ZAHIR, by way of a transfer or Qualified Illinois Domestic Relations Order, if necessary. ZAHIR shall receive the remaining portion of said Pension as his sole and separate property, free and clear of any interest of TAHIRA. The parties intend that the distribution from said Pension to TAHIRA will not result in any tax consequences to TAHIRA until such time as she withdraws from the account after his awarded portion of the account has been allocated to her.
>
> The parties shall also execute all documents, including but not limited to release, election forms and consent forms that are necessary to effectuate the provisions of this paragraph. It is expressly ordered that, since it is not currently ascertainable when advance approval of the proposed QILDRO or transfer form will be obtained from the plan administrator, the matter of finalization of the allocation of the foregoing Pension shall be and herewith is reserved, so that the court in this proceeding shall continue to have jurisdiction beyond 30 days following entry of judgment in the pending action for entry of a finalized QILDRO or transferring instrument regarding said Pension. Any costs incurred for preparation of said QILDRO (outside of the parties' respective attorneys of record in this cause) shall be borne solely by ZAHIR.
>
> b. TAHIRA is awarded half (50%) of the marital portion of any and all other retirement accounts held in ZAHIR's name as her sole and separate property, free and clear of any interest of ZAHIR. ZAHIR is awarded the remainder of said accounts as his sole and separate property, free and clear of any interest of TAHIRA.
>
> c. TAHIRA is awarded any and all retirement accounts in her name as her sole and separate property, free and clear of any interest of ZAHIR.

Many states consider pension funds earned before the date of marriage individual property and such funds earned during the marriage to be marital property. In *Bigelow v. Brown (In re Brown)*, 168 B.R. 331, 334 (Bankr. N.D. Ill. 1994) the court noted that at divorce a spouse's interest in a former spouse's pension plan has to be determined according to state law

5

and that under Illinois law a pension fund created during marriage is marital property subject to division (citing *In re Marriage of Norfleet,* 243 Ill.App.3d 925, 612 N.E.2d 939, 184 Ill.Dec. 63 (1993)). The Defendant's affirmative statement that the Plaintiff is entitled to only 50% of the marital share of his pension may be consistent with that ruling. However, he does not indicate what this means. Apparently the precise calculation of the amount due the Plaintiff and when she will begin to receive the benefit have to be determined upon entry of a Qualified Illinois Domestic Relations Order. However, this court can now rule that the Defendant's obligation to pay part of his pension to his former spouse is not a dischargeable debt on two grounds.

The Judgment indicates that the obligation to share his pension benefit follows the end of their marriage. For that reason it is a section 523(a)(15) nondischargeable domestic support obligation, a "debt to a former spouse (not of the kind in paragraph (5)) that is incurred by a debtor in the course of a divorce, divorce decree or a division of marital property.

The better position is that the Plaintiff's interest in her former husband's pension plan was her separate property pre-petition and for that reason is not a debt owed her subject to a discharge nor did her interest therein become property of the Defendant's bankruptcy estate. Under Illinois law each spouse holds ownership rights in marital property which vest when divorce cases are filed. *Carter v. Carter,* 1996 WL 374127, at * 3 (N.D. Ill. 1996).

If the pension obligation is a debt it is nondischargeable pursuant to 11 U.S.C. § 523(a)(15) based on the Debtor's admission that it is not dischargeable at Paragraph 13 of his Response to the Motion for Summary Judgment. The court is convinced, however, that the Plaintiff's interest in her former husband's pension vested when the Judgment was entered five months before the Defendant sought bankruptcy relief. *Brown,* 168 B.R. at 335. The Plaintiff's

6

rights to the Debtor's pension were established prepetition by court order; this is not a debt. Her rights therein are her separate property.

### D. Attorneys Fees

Paragraph 14 of the Plaintiff's Adversary Complaint alleges that the Defendant is obligated to pay Plaintiff's Bankruptcy attorney fees and fees as related to the Default Judgment of $17,141.00. The Defendant denies the allegations of Paragraph 14 in his Answer and in his Response to the Motion for Summary Judgment.

The attorney fee debt owed the former spouse is probably not dischargeable. The proper inquiry is whether the obligation is based on a duty to provide for the well-being of a spouse, former spouse or child. Illinois law specifically provides that a court may order, in relation to the dissolution of marriage, that a party can be required to pay a former spouse's legal fees:

> The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees . . . [a]t the conclusion of any pre-judgment dissolution proceeding under this subsection, contribution to attorney's fees and costs may be awarded from the opposing party in accordance with subsection (j) of Section 503 and in any other proceeding under this subsection.

750 ILCS 5/508(a).

The attorney fee award imposed on the Debtor appears to be based on his duty to provide for his former spouse. *Carter*, 1996 WL 374127, *3 ("The Bankruptcy Court concurred with the reasoning of Illinois Circuit Court Judge Sullivan, who considered this issue and held in the state court that the attorney's fees in dispute were maintenance. Bankruptcy Judge James subsequently determined that, given the financial status of the parties, and the tenor of Illinois law on the issue, the attorney's fees were in the nature of support.")

7

However, because the Judgment reserved this issue, this Court can not now determine whether the attorney fee obligation is dischargeable. When the state court rules on this issue, the parties can seek this Court's assistance in deciding whether it is dischargeable.

### E. Sanction Obligation

Paragraph 18 of the Judgment noted an April 8, 2014 Order that sanctioned and fined the Debtor the amount of $50.00 a day until such time as he complied with the Plaintiff's outstanding discovery request(s). Judgement was entered against the Debtor in the amount of $12,500 ($50 per day for 250 days). In *In re Olsson,* 532 B.R. 810, 812-13 (D. Oregon 2015) a district judge found in a Section 523(a)(5) dischargeability action that an attorney fee award entered to sanction a party for filing a meritless motion was dischargeable because the award was not intended to be in the nature of support and was not based on the recipient's need for support. Instead, it was designed to deter others from bringing similar motions, and not for the purpose of support. Here, too, the Sanction Award does not appear to be designed to support the Plaintiff but to punish the Defendant for noncompliance with discovery. The Court finds that the Sanction Obligation is dischargeable.

### F. Real Estate Tax and Assessment Obligation

Paragraph 13 of the Judgment states that real property located at 4900 Foster Street #308 in Skokie, Illinois 60077 was purchased by the parties during the marriage and that the Plaintiff was awarded it as her sole and separate property. Paragraph 13(a) of the Judgment states:

> On July 19, 2013, ZAHIR was ordered to pay all taxes and assessments associated with the property located at 4900 Foster Street #308 in Skokie, Illinois. As of entry of this Judgment, ZAHIR owes $2,201.52 in unpaid assessments from July 2014 to present. As such, judgment is entered against ZAHIR in favor of TAHIRA in the amount of $2,201.52.

This award is in the nature of support designed to apportion liability/responsibility amongst the spouses for costs of maintaining the marital home for a period of time preceding the divorce. The Court finds that the Real Property Taxes and Assessment Obligation is a nondischargeable support obligation under 11 U.S.C. § 523(a)(15).

## V. Conclusion

The Court finds that the following Obligations under the December 15, 2014 Judgment are not dischargeable under 11 U.S.C. § 523(a)(5): the Spousal Support Obligation and the Health Care Obligation.

The Court finds that the following Obligations are not dischargeable under 11 U.S.C. § 523(a)(15): the Pension Obligation and the Real Estate Taxes and Assessments Obligation.

The Court finds that the Sanction Obligation is dischargeable.

After the state court rules on the reserved issue of attorney's fees, this Court will review that ruling. The state Court should determine the Attorney Fee Obligation for legal fees incurred in the dissolution case. The state Court should also decide whether the Plaintiff is entitled to attorney's fees incurred to prosecute her rights in this bankruptcy case.

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Judgment Order will be entered.

*Jacqueline P. Cox*

Judge: J. P. Cox

Date: June 20, 2016